In the United States District Court

For The Southern District of Iowa

Eastern Division

Ella Griesenbeck

student

And

Karalyn Dugan

on behalf of her daughter Ella Griesenbeck

Plantiffs

v.

Davenport Community School District and

Mississippi Bend Area Education Agency

Defendants,

Civil Action No. 3:21-CV-84

RECEIVED OCT 0 8 2021 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF IOWA

## COMPLAINT

### I. INTRODUCATION

1. We, Karalyn Dugan on behalf of her daughter Ella Griesenbeck and Ella Griesenbeck on her own behalf, as unrepresented individuals and with Ella being a student with significant and complex disabilities, bring this action to appeal the decision of an Administrative Law Judge in the Iowa Department of Education Docket No. SE-511/DIA No. 20DOESE0008 issued on July 12, 2021.
2. The underlying administrative action was filed to challenge the failure and refusal of the Davenport Community School District to provide a free, appropriate public education to Ella.
3. Ella and her mother also seek compensatory education and damages for the District's failure to provide Ella with an appropriate education, which resulted in harm and regression.

### II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs have fully exhausted their administrative remedies.

5. Plaintiff's cause of action arises under the laws of the United States, 20 U.S.C. §§ 1400 *et seq.*, 29 U.S.C. § and 42 U.S.C. 12132.
6. Declaratory relief is appropriate under 28 U.S.C. §§2201 and 2202.
7. Venue in this district is proper under 28 U.S.C. §§ 1391(b).

## III. PARTIES

8. Ella is a nineteen-year old student with disabilities. Ella has been identified by the District as a student who is eligible for special education and related services under the Individuals with Disabilities Education Act, and no party disputes her eligibility for these services. Ella has impairments that substantially limit her in major life activities, and thus is entitled to the protections of Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.
9. The Davenport Community School District (District) is a Local Education Agency (LEA) with it's offices at 1702 Main Street Davenport, Iowa 52803.
10. Mississippi Bend Area Education Agency is a Local Education Agency (LEA) with it's offices at 729 21st Street Bettendorf, Iowa 52722.
11. The District is responsible for providing special education and related services to all eligible children within it's borders. It is responsible for honoring the substantive and procedural rights of eligible children and their parents under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and Chapter 14 of the Pennsylvania Education Code.
12. The District is a recipient of federal financial assistance.
13. The District is a public entity responsible for compliance with the guarantees of Title II of the Americans with Disabilities Act.

## IV. FACTS

14. Ella is classified as having Specific Learning Disabilities. Ella has been diagnosed with Dyslexia, Language Disorder, Autism Spectrum Disorder and Major Depressive Disorder with Anxious Distress. Ella's disorders impact her language, reading, writing, speech, memory, social skills, cognitive processing and comprehension and her mental health.
15. Ella has attended Davenport Community School District kindergarten though high school.
16. Throughout her education the District has consistently refused to provide an education to Ella's unique needs by; refusing and delaying evaluation, delaying IEP meetings, refusing related services, failing to provide reasonable accommodations, refusing appropriate educational service and supports including failure to provide appropriately challenging goals, delaying implementation of agreed upon services, refusing assistive technology, placing Ella in inappropriate segregated classroom setting, failing to provide a Secondary Transition Plan, failing to provide notice of transfer of rights and failing to provide access to due process.
17. Ella's mother filed a State Complaint to address the failure to educate on October 23, 2019. The complaint was resolved in a mediated agreement on January 24, 2019.

However, Ella continued to struggle in school and the mediated agreement failed to provide Ella a way to move forward.

18. Ella has not graduated yet because the conflict between her family and the District has disrupted her education on multiple occasions in her education. She is currently not attending any school and has not received educational services while awaiting Process.
19. Ella remains eligible for special education services, enrolled in school and interested in pursuing her education.
20. The District has received education funds for Ella while not providing services to Ella.
21. Ella, as an eighteen-year-old student, and her mother filed a Due Process complaint on January 24, 2020 to address the ongoing failure to educate Ella. Due to Covid 19 Ella's Due Process hearing was delayed until February 22 and 23, 2021.

**The Errors of the Administrative Law Judge.**

22. The State of Iowa delayed Ella's Due Process due to Covid. Ella agreed to the delay of Due Process with the understanding that she was waiting for a public hearing in which participants could attend in person and witnesses would hear her case. However, after a year of waiting and despite relaxed Covid precautions, the ALJ would not allow an open and public hearing. This error on the part of the ALJ denied Ella her basic right to Due Process.
23. The ALJ limited the timeline of the Due Process hearing to any complaints that took place on or after 10/2/2020. However, the LEA were providing services to Ella that are directly relevant to this complaint as far back as March of 2019. The ALJ errored in limiting the timeline of the complaint.
24. Ella requested that her mother, as her signed Power of Attorney, be allowed to present her case. The ALJ refused this request claiming that the Power of Attorney does not allow Ella's mother the authority to file due process claims and/or represent the student in an administrative or judicial proceeding despite the fact that the Iowa Department of Education provides this Power of Attorney to parents via their website for this very purpose.
25. The Administrative Law Judge erred in disallowing Ella's Power of Attorney. Iowa Code Chapter 633 B.212 makes states that unless a Power of Attorney states otherwise the Power of Attorney grants general authority with respect to claims and litigations and includes the following:
    (a) Assert and maintain before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, offset, recoupment, or defense, including but not limited to an action to recover property or other thing of value, recover damages sustained by the principal, eliminate, or modify tax liability, or seek an injunction, specific performance, or other relief
    (b) Bring an action to determine adverse claims or intervene or otherwise participate in litigation.
    (c) Submit to alternative dispute resolution, or settle, propose, or accept a compromise.
26. The ALJ assured Ella that a meeting via Zoom would be just as effective as an in-person hearing. However, the Zoom call/hearing was an ongoing problem with

numerous witnesses that "zoomed in" claiming that they could not hear Ella or did not understand Ella. This technical failure created a communication problem that did not arise from Ella's disability but that exacerbated Ella's documented communication and mental health issues.

27. In the absence of a Power of Attorney, Ella requested that she be allowed an attorney as a disability accommodation under Section 504 of the Rehabilitation Act and Title II of the ADA. An attorney would have been able to explain to Ella what was happening and allowed her to understand the proceedings and fully participate in the proceedings. The ALJ refused this request stating that, "In Iowa, no statute or court rule expressly authorizes the appointment of counsel in an administrative hearing." The refusal of an attorney meant that Ella herself would have to present her case.

28. The ALJ seemed to think that Ella was requesting appointment of counsel in the way a defendant would have the right to an attorney to defend them. That is incorrect. Ella requested an attorney as an accommodation so that she could understand. Ella needed an attorney so that she could fully participate. The ALJ's lack of understanding and obvious lack of training in disability accommodation led him to refuse what was truly a reasonable accommodation.

29. Accommodations can be anything that ensure effective communication. The class action disability case Armstong v. Newsom provides an extensive list of examples of disability accommodations that an individual may need to effectively communicate during a hearing. (https://www.clearinghouse.net/detail.php?id=572)Attorneys are listed among the possible reasonable accommodations. Ella's request was reasonable.

30. Title II of the Americans with Disabilities Act requires that public agencies provide specific communication access in the form of auxiliary aids and services upon request. Title II also required public agencies to give primary consideration to the aid or service requested by the individual. (https://www.ada.gov/effective-comm.htm) The ALJ erred in refusing to give primary consideration to Ella's request.

31. Title II requires that if the agency is unable to meet this request, they should work with the individual to determine an acceptable alternative https://www.ada.gov/effective-comm.htm). The ALJ erred in not providing an acceptable alternative to her request for an attorney.

32. Ella and her mother make numerous attempts to explain Ella's needs and explain the importance of accommodations for hearing prior to hearing.

33. Thomas Mayes, attorney of the Iowa Department of Education provides guidance to the ALJ stating that the Iowa Department of Education was delegating any accommodation services and supports to Mississippi Bend Area Education Agency and that Mississippi Bend, the respondents, would decide on the appropriate accommodations.

34. Delegating the disability accommodations to the respondents in the case created an environment in which the respondents had a vested interest in ensuring poor accommodations and put Ella at an extreme disadvantage.

35. Without an attorney or effective communication support Ella struggled to understand what was expected of her at hearing. Ella was unable to call all her desired witnesses. Ella did not know how to question her witnesses broke and down

emotionally numerous times during her questions. Ella was unable to present all her evidence. Without appropriate accommodations, Ella was not allowed effective communication. \

36. Title II requires that individuals with disabilities are allowed accommodation that ensure that they can communicate as well as those without disabilities (https://www.ada.gov/effective-comm.htm). It is not enough to let Ella struggle though a hearing and pretend that she had access to Due Process. She must be allowed to communicate as well as an individual without a disability.

37. Based upon the dysfunctional Due Process hearing and Ella's ineffective communication the ALJ made numerous claims in his decision indicting that Ella did not provide evidence of her claims and concluding that Ella's case was without merit. Ella was not allowed the opportunity to present her case because she could not participate evidence without accommodations.

## V. CLAIMS

### A. Individuals with Disabilities Education Act

38. The Davenport Community School District and the Mississippi Bend Area Education Agency have violated Ella's right as secured by the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400, et seq and 34 C.F.R Part 300 by:
    a) Denying Ella, a free and appropriate public education, in violation of U.S.C.§§1412
    b) Failing to assess Ella in all areas of suspected disability; in ways that are "sufficiently comprehensive to identify all of the child's special education and related service needs," and provide "relevant information that directly assists" in determining the child's educational needs. 20 U.S.C. §§ 1414 (a)(1)(C)(i)(II), 1414(a)(2)(A), 1414(b)(2)(A)(ii), 1414(b)(3)(B);34 C.F.R. §§ 300.304 (c)(1) (ii-iv),(2), (4), (6), (7).
    c) Failing to provide Ella with an appropriate IEP with appropriate goals, objective, specially designed instruction, related services, supplementary aids and services and support for school personnel.
    d) Violating Ella's mother's right to participate in educational decision making for her daughter, with the result that Ella has been denied educational benefit.

### B. Rehabilitation Act

39. The Davenport Community School District has intentionally, purposefully, maliciously and recklessly violated the rights of Ella secured by Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and 34 C.F.R. § 104.4 by:
    a. Denying Ella the opportunity to participate in and benefit from federally assisted regular and special education services, programs and activities, in violation of 29 U.S.C. § 794(a) and 34 C.F.R. § 104.4 (a)(b)(I).
    b. Failing to provide Ella an opportunity to participate in and benefit from education and related services that is at least equal to the opportunity afforded to students without disabilities in violation of 34 C.F.R.104(b)(1)(iii).
    c. Limiting Ella's enjoyment of the right to an opportunity to receive a public education, in violation of 34 C.F.R. 104.4(b)(1)(vii).

### C. Americans with Disabilities Act.

40. The Davenport Community School District has intentionally, purposefully, maliciously, and recklessly violated the right of Ella secured by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq. and 28 C.F.R. § 35.130, by
    a. Subjecting Ella to discrimination, in violation of 28 C.F.R. § 35.130(a).
    b. Excluding Ella from participating in and denying her the benefit of District services, programs, and activities on this basis of her disability, in violation of 28 C.F.R. § 35.103.(a).
    c. Denying Ella the opportunity to participate in and benefit from aids, benefits and services on a basis equal with that afforded others, in violation of 28 C.F.R. § 35.130(b)(1)(ii);
    d. Refusing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination against Ella in violation of 28 C.F.R. § 35.130(b)(7).
    e. Limiting Ella in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving the aid, benefit, or service, in violation of 28 C.F.R. § 35.130 (b)(1)(vii).

## VI. Relief Requested.

For the foregoing reasons, the family respectfully requests that the Court award the following relief:

1. Receive the record of the due process hearing.
2. Admit additional evidence at the request of a party.
3. Provide Ella an opportunity to have her case fairly heard by the court.
4. Declare that Davenport Community School District violated Ella's rights under the Individuals with Disabilities Education Act, the Rehabilitation Act, the Americans with Disabilities Act to a free public education.
5. Award compensatory education to the maximum extent allowed by law as a remedy for the District's denial to Ella of an appropriate education January 24, 2019 to the present.
6. Award damages as a remedy for the harm and regression experienced by Ella as a result of the District's failure to properly evaluate her and provide her with an appropriate IEP.
7. Award plaintiffs' reimbursement of court costs.
8. Award such additional relief as the Court deems necessary and appropriate.

Respectfully submitted,

630 E Colorado St
Davenport IA
52803

563·529·1835

*Ella Gruesenbeck*

*Kari Dugan*